46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Manuel MUNOZ-MARQUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70507.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1994.
Decided Jan. 24, 1995.
 
 Before: NOONAN, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Manuel Munoz-Marquez appeals the decision of the Board of Immigration Appeals (the Board) denying his application for relief from deportation under 8 U.S.C. Sec. 1182(c). We affirm the Board.
 
 FACTS
 
 3
 Munoz-Marquez, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident on May 27, 1984. On April 22, 1988, he pleaded guilty to an indictment charging him with distribution of over 500 grams of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(B) and was sentenced to five years in prison.
 
 
 4
 The Immigration and Naturalization Service (the INS) brought deportation proceedings against him in 1991. The Immigration Judge found him to be deportable. He asked and received the continuation of his hearing in order to seek admission through the exercise of the Attorney General's discretion conferred by 8 U.S.C. Sec. 1182(c). At the time of this hearing Munoz-Marquez was 22 years old. He declared that he had first come to the United States as an infant in 1970 and had continually returned to the United States from Mexico before becoming a lawful resident in 1984. He lived in Auburn, Washington. His parents lived in San Jose, California, and he kept in touch with them by regular phone calls and by visiting them "every three or four months." In the same way he kept in touch with his sister Marina and her family in Santa Ana, California, by telephone and occasional visits. He worked as a roofer and his employer testified to his good work in this capacity. He stated that while in prison he studied for his GED and took part in Bible study and sports. He explained his participation in the drug deal of which he was convicted in terms of being brought into it casually by a school friend he had met in Seattle.
 
 
 5
 Following the hearing, the INS submitted a copy of the presentence report in the case in which Munoz-Marquez had been convicted. The Immigration Judge marked this report as Exhibit 16, and put on it her initials with the additional notation "per 10/4/91," a reference to the October 4, 1991, hearing that at least suggested that she had ruled on the report's admissability at that time. In any event, the report was served on the petitioner, and petitioner made no objection to the report being received. The report described Munoz-Marquez as counting $30,000 received in exchange for one kilogram of cocaine.
 
 
 6
 The Immigration Judge declined to exercise discretion in favor of the petitioner. The Board affirmed her decision. Munoz-Marquez appeals.
 
 ANALYSIS
 
 7
 The heart of Munoz-Marquez's appeal is the contention that the Board erroneously considered in evidence the presentence report used at the time of his criminal conviction. The Board relied on the account that this report furnished of his substantial participation in order to draw the conclusion that he was not rehabilitated because he was unwilling to recognize his real involvement in the crime.
 
 
 8
 The general rule is clear that the Board may use hearsay if it is probative and its admission is fundamentally fair. Cunanan v. INS, 856 F.2d 1173, 1374 (9th Cir.1988); Beliza v. INS, 709 F.2d 1231, 1233 (9th Cir.1983). Here Munoz-Marquez failed to show that he had challenged the presentence report at the time of his sentencing, so that, at the time he had an opportunity to dispute the hearsay contained in it, he failed to do so. He now argues that he had no opportunity to dispute the presentence report in this proceeding because it was submitted by the INS at the conclusion of the hearing and not relied on by the Immigration Judge. The record is to the contrary. The Immigration Judge received the report, marked it as an exhibit, and had it before her as part of the evidence. The petitioner made no objection to the admission of the report. The Board properly relied on it in exercising its discretion to deny him relief.
 
 
 9
 The petition for review is DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided for by 9th Cir.Rule 36-3